## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| A VISION FOR YOU, LLC, TYLER BELL, JOHN MARSHALL WILSON, and CHRISTIAN STEWARD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:24-cv-3007-JPM-atc |
| THE CITY OF MEMPHIS and SHELBY COUNTY, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR SANCTIONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by Defendants City of Memphis ("Memphis") and Shelby County (collectively, "Defendants") on March 3, 2025. (ECF No. 24.) In response to the Motion to Dismiss, Plaintiffs A Vision For You, LLC ("AVFY"), Tyler Bell ("Bell"), John Marshall Wilson ("Wilson"), and Christian Steward ("Steward") (collectively, "Plaintiffs") filed a Motion to Strike and a Motion for Sanctions. (ECF No. 29.) For the reasons set forth below, each Motion is **DENIED**.

## I.    BACKGROUND

This is an action under the Federal Housing Act, 42 U.S.C. § 3613 ("FHA") and Americans with Disabilities Act, 42 U.S.C. § 12133 ("ADA"). (ECF No. 1 at PageID 1.) Plaintiffs assert five claims: (1) discrimination under the FHA; (2) failure to grant a reasonable

accommodation under the FHA; (3) retaliation under the FHA; (4) discrimination under the ADA; and (5) failure to grant a reasonable accommodation under the ADA. (Id. ¶¶ 79–113.)

A.    **Factual Background**

i.    *The Parties and the Property*

AVFY is a for-profit Tennessee limited liability corporation whose "mission is to provide housing to people in recovery from alcoholism and substance abuse." (Id. ¶¶ 3–4; ECF No. 25 at PageID 124.) Bell and Wilson are co-owners of AVFY. (ECF No. 1 ¶ 6.) AVFY rents a dwelling at 1925 Nelson Avenue, Memphis, Tennessee (the "Property"). (Id. ¶ 5.) Steward owns the Property. (Id. ¶ 7.) The Property is subject to the zoning, building, and property maintenance codes of Memphis and Shelby County (the "Code"). (Id. ¶ 8.) The Property is located in a residential zone, designated as RU-6 zoning. (Id. ¶¶ 45–46.) The RU-6 zone has specific definitions of what constitutes a family. (Id. ¶ 47.) Families, as defined in the Code, are permitted to live as of right in all-single family residential zones in Memphis. (Id. ¶ 48.)

Defendants are political subdivisions of the State of Tennessee. (Id. ¶ 10.)

AVFY currently operates four recovery homes in Tennessee. (Id. ¶ 30.) AVFY residents live together in single-family residences and maintain sobriety while completing a separate substance abuse treatment program. (Id. ¶¶ 33, 38, 39.) AVFY does not provide a substance abuse treatment program, counseling, or therapy to its residents. (Id. ¶¶ 34–35.)

ii.    *Requests for and Denials of Reasonable Accommodations*

AVFY wishes to operate a facility for less than eight unrelated people at the Property. (ECF No. 25 at PageID 124.) To that end, on or about August 1, 2024, AVFY requested a reasonable accommodation so that (1) Memphis would treat AVFY and its residents at the

Property as a "family" under the Code; and (2) Memphis would waive the nonprofit status requirement under the Code.  (Id. ¶¶ 52–53, 57.)  Plaintiffs argue the restriction of requiring sober homes to be run by only non-profit organizations violates the FHA.  (See id. ¶ 57.)  On August 30, 2024, Memphis denied AVFY's reasonable accommodation request.  (Id. ¶ 58.)

On October 4, 2024, Plaintiffs renewed their request for a reasonable accommodation from the City's non-profit status requirement.  (Id. ¶ 50.)  Plaintiffs also requested a reasonable accommodation from the requirement that Plaintiffs install a wet sprinkler system at the Property.  (Id. ¶¶ 59, 60.)  Plaintiffs allege Memphis issued citations to Wilson and Steward in response to this second request.  (Id. ¶ 65.)

Plaintiffs allege that, on October 23, 2024, officials and police officers for Memphis attempted to enter the Property without a warrant, but eventually left.  (Id. ¶¶ 66–69.)  Plaintiffs allege they were not operating a recovery home at that time.  (Id. ¶ 72.)  Plaintiffs then allege Memphis eventually dismissed its prosecution for the citations against Wilson but has not done so against Steward.  (Id. ¶¶ 74–76.)

## B.    Procedural History

Plaintiffs filed their Complaint on December 18, 2024.  (ECF No. 1.)  Defendants filed the instant Motion to Dismiss on March 3, 2025.  (ECF No. 24.)

The Parties appeared before the Court for a Scheduling Conference on March 5, 2025.  (ECF No. 25.)  At the Scheduling Conference, Plaintiffs indicated their position that Defendants' Motion to Dismiss was "frivolous under controlling precedent."  (See ECF No. 29 at PageID 153.)

Plaintiffs filed a Motion to Strike Defendants' Motion to Dismiss and Motion for Sanctions on March 17, 2025. (Id.)[1] Defendants filed their Response in Opposition to the Motion to Strike—in essence, a Reply in Support of the Motion to Dismiss[2]—on March 31, 2025. (ECF No. 34.)

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) (a "Rule 12(b)(1) Motion") asserts the defense of lack of subject-matter jurisdiction. A Rule 12(b)(1) Motion comes in two varieties: a facial attack or a factual attack on jurisdiction. Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 440 (6th Cir. 2012) (citing Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)).

"A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, a district court takes the allegations in the complaint as true." Gentek, 491 F.3d at 330 (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).

---

[1] The Court is unsure why Plaintiffs filed a Motion to Strike pursuant to Rule 12(f). A Motion to Strike allows the Court to "strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). To the extent Plaintiffs request the Court strike the defense of lack of standing, that argument is immaterial. Defendants have not yet filed their Answer, instead opting to file their Motion to Dismiss. (See ECF No. 24.)

Furthermore, asserting that Plaintiffs lack standing is not an affirmative defense; it is an assertion that the Court does not have jurisdiction over the claim. See Native Am. Arts, Inc. v. Waldron Corp., 253 F. Supp. 2d 1041, 1046 (N.D. Ill. 2003). Indeed, whether the Court strikes the defense of lack of standing "has no impact on [Defendants'] ability to assert this defensive theory." See Branch Banking & Tr. Co. v. Nat'l Fin. Servs., LLC, No. 6:13-cv-1983-ORL-31, 2014 WL 2019301, at *4 (M.D. Fla. May 16, 2014); Lewis v. Casey, 518 U.S. 343, 349 (1996) ("standing . . . is jurisdictional and not subject to waiver"). The Court thus **DENIES** Plaintiffs' Motion to Strike and considers their arguments in response to Defendants' Motion to Dismiss. See Norman v. Levy, 756 F. Supp. 1060, 1062 (N.D. Ill. 1990) (considering a motion to strike "to be the functional equivalent of a response to [a] motion to dismiss" where it "intended to address the jurisdictional issue at hand").

[2] See supra n.1.

"Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations. When a factual attack . . . raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist. In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." Id. (internal citations omitted). However, a "district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of the plaintiff's case." Carrier Corp., 673 F.3d at 444 (6th Cir. 2012). "When 'an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" Id. (citing Gentek, 481 F.3d at 330).

## B. Standing

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). "There are three elements to standing. The plaintiff 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Buchholz v. Meyer Njus Tanick, PA, 946 F.3d 855, 861 (6th Cir. 2020) (quoting Lujan, 504 U.S. at 560). "The injury in fact must be both (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (cleaned up). "The plaintiff carries the burden of establishing those three elements, and at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." Id.

5

## III.    ANALYSIS

The Court first determines if Defendants bring a factual or facial attack under Rule 12(b)(1).  See Carrier Corp., 673 F.3d at 440.  The Court then determines whether Plaintiffs have standing.  Finally, the Court considers Plaintiffs' request for sanctions.

### A.    Facial or Factual Attack

Here, Defendants assert a factual attack that Plaintiffs lack standing to bring their claim. (ECF No. 24 at PageID 84; ECF No. 24-1 at PageID 94.)  The Court thus examines "all materials of record."  See Plunderbund Media, L.L.C v. DeWine, 753 F. App'x 362, 366 (6th Cir. 2018) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)).  Here, this includes the Complaint, exhibits attached to both Motions, and an affidavit by Nicholas Wardroup ("Wardroup Affidavit").  See id.; (ECF Nos. 1, 24-2, 24-3, 24-4, 29-1, 29-2.)  These materials raise factual disputes as to the unoccupied status of the Property, citations issued to Wilson and Steward, and zoning requirements under the Code.  (See ECF Nos. 24-2, 24-3, 24-4, 29-2.)

This factual examination, however, cannot affect the merits of Plaintiffs' case.  See Carrier Corp., 673 F.3d at 444.

### B.    Standing

AVFY is pursuing its case as an organization.  (See ECF No. 29 at PageID 152.)  To establish standing, an organization cannot "broadly gesture toward 'a drain on an organization's resources.'"  Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC, 124 F.4th 990, 992 (6th Cir. 2025) (citations omitted).  Rather, the organization must "allege[] and show[] that the conduct challenged in the suit interfered with the organization's 'core business activities.'"  Id. at 992–93 (citing FDA v. Alliance for Hippocratic Med., 602 U.S. 367, 395 (2024)).

Defendants argue Plaintiffs do not have standing to bring their suit because they have "never operated a recovery or sober home in Memphis or Shelby County, and so were never subject to the [regulations on recovery or sober homes] complained of." (ECF No. 24-1 at PageID 94.) Defendants argue Plaintiffs have suffered no injury under the FHA or ADA, as they withdrew their variance request of their own accord, before the application could be heard by the City's Board of Adjustment. (Id. at PageID 94–95.)

Plaintiffs argue they have standing to bring their suit. (ECF No. 29 at PageID 152–54.) In support, Plaintiffs then allege Defendants "sent their agents to the [P]roperty, attempted to search it without a warrant, threatened Plaintiff Wilson, and issued legal citations to Plaintiff Wilson and Plaintiff Steward for operating a recovery residence." (ECF No. 29 at PageID 152.) Furthermore, Plaintiffs state Defendants interfered with AVFY's business when they prevented AVFY from opening a recovery residence by denying its reasonable accommodation request. (See id.)

AVFY's core business activity is "to provide housing to people in recovery from alcoholism and substance abuse." (See ECF No. 1 ¶ 4; ECF No. 29 at PageID 152.) The Court now determines whether AVFY sufficiently demonstrated that Defendants' conduct interfered with its "core business activity." See Fair Hous. Ctr., 124 F.4th at 992.

The Court finds Plaintiffs have sufficiently demonstrated that Defendants interfered with AVFY's ability to provide housing to those in recovery. As pled in the Complaint, Plaintiffs twice requested reasonable accommodations under the FHA to operate the Property as a sober home. (See ECF No. 1 ¶¶ 52–59.) Defendants denied these requests. (Id. ¶¶ 58–65.) These denials interfered with AVFY's mission and core business activity: providing sober homes to

7

those in need.  This interference gives AVFY standing to bring its suit.  See Fair Hous. Ctr., 124

F.4th at 992.

Defendants do not contest the denial of reasonable accommodations in their Motion or

supporting documents.  (Cf. ECF Nos. 24, 24-1, 24-2, 24-3.)  While Defendants assert a factual

attack against Plaintiffs' standing, they do not provide evidence to dispute the denials of

Plaintiffs' reasonable accommodation requests.  (Cf. id.)  Accordingly, as to the denials, the

Court treats Defendants' attack as facial.  See Crawford v. Lawrence, No. 1:23-CV-192, 2024

WL 169110, at *3 (S.D. Ohio Jan. 16, 2024) (treating an alleged factual attack under Rule

12(b)(1) as a facial attack where the defendants did not present competing facts).  The Court thus

considers the allegations regarding the denials of reasonable accommodations as true.  See

Gentek, 495 F.3d at 330.

Furthermore, Defendants' counterarguments are unavailing.  First, Defendants argue

Plaintiffs do not have standing to bring their suit because they have "never operated a recovery

or sober home in Memphis or Shelby County, and so were never subject to the [regulations]

complained of."  (ECF No. 24-1 at PageID 94.)  That argument, however, is immaterial.

Plaintiffs are not required to have operated a sober home at the time of regulation—rather, they

are only required to show interference with AVFY's "core business activity."  See Fair Hous.

Ctr., 124 F.4th at 992.  They have done so.

Second, Defendants argue Plaintiffs have suffered no injury under the FHA or ADA, as

they withdrew their variance request of their own accord, before the application could be heard

by Memphis.  (ECF No. 24-1 at PageID 94–95.)  This argument is unavailing.  At the Court's

Scheduling Conference, Plaintiffs stated they withdrew the variance so they could request a

reasonable accommodation under the FHA.  Defendants denied this reasonable accommodation.

(ECF No. 1 ¶¶ 52, 57, 60, 65.)  Defendants' denial of the reasonable accommodation interferes with AVFY's purpose and confers standing.  See Fair Hous. Ctr., 124 F.4th at 992.  Any action and/or inaction as to Plaintiffs' request for a variance is immaterial to the question of standing.

Finally, because "only one plaintiff need have standing," the Court does not address standing for the individual Plaintiffs.  See Poe v. Snyder, 834 F. Supp. 2d 721, 732 (W.D. Mich. 2011) (citing Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 299 n.11 (1979); Sch. Dist. of City of Pontiac v. Sec'y of the U.S. Dep't of Educ., 584 F.3d 253, 261 (6th Cir. 2009)).

## C.    Sanctions

Plaintiffs move for sanctions against Defendants pursuant to Federal Rule of Civil Procedure 11(b).  (ECF No. 29 at PageID 155.)  "Under [Rule] 11, sanctions may be imposed if 'a reasonable inquiry discloses the . . . motion . . . is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay.'" Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010) (McCalla, J.) (quoting Herron v. Jupiter Transp. Co., 858 F.2d 332, 335 (6th Cir. 1988)).  "The test for determining whether to impose 'sanctions is whether [an] individual's conduct was reasonable under the circumstances.'"  White v. City of Southfield, No. 20-11543, 2021 WL 10310465, at *2 (E.D. Mich. Apr. 16, 2021) (quoting Tropf v. Fidelity Nat'l Title Ins. Co., 289 F.3d 929, 939 (6th Cir. 2002)).  "The primary purpose of Rule 11 sanctions is to deter frivolous claims, with compensation being a secondary goal."  Id.

Plaintiffs argue Defendants' Motion to Dismiss "ignore[s] clear legal precedent" and was made "for the improper purpose of harassing Plaintiffs and causing undue delay."  (ECF No. 29 at PageID 155.)

9

The Court finds Plaintiffs' request is not well-taken and thus **DENIES** their request for sanctions. Plaintiffs point to no evidence that the Motion was filed for an "improper purpose." See Merritt, 613 F.3d at 626. Furthermore, the Supreme Court, in FDA v. Alliance for Hippocratic Medicine, 602 U.S. 367 (2024), clarified the legal precedent Plaintiffs chiefly rely on—Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982)—holding that "expenditure of resources in opposition to a defendant's actions, standing alone, is insufficient to establish standing under Havens." See Fair Hous. Ctr., 124 F.4th at 992. Prior to Alliance, however, "costs related to prelitigation investigation [could] form the basis for standing." Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc., 210 F. App'x 469, 475 (6th Cir. 2006). Because of this recent clarification, the Court finds Defendants made a good faith, albeit unsuccessful, argument to alter an evolving area of law. See Merritt, 613 F.3d at 626. Defendants' Motion is thus "reasonable under the circumstances" such that the Court does not impose sanctions. See Beckerich v. St. Elizabeth Med. Ctr., No. CV 21-105-DLB-eba, 2022 WL 325453, at *4 (E.D. Ky. Feb. 2, 2022) (denying Rule 11 sanctions where "[al]though current law [was] clear, Rule 11 itself allows for arguments in favor of 'extending, modifying, or reversing existing law'").

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. Plaintiffs have standing to bring their claims. Furthermore, Plaintiffs' Motion to Strike and Motion for Sanctions are **DENIED**.

**SO ORDERED**, this the 17th day of June, 2025.


/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE


10